IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEON A. STEWART, | |
| Plaintiff, | 4:23CV3171 |
| vs. | |
| DR. BRANDON HOLLISTER, and WARDEN BUSBOOM, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's Amended Complaint. Filing No. 17. Plaintiff, an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS"), filed a Complaint, Filing No. 1, and was given leave to proceed in forma pauperis. On June 17, 2024, the Court conducted an initial review under 28 U.S.C. §§ 1915(e) and 1915A (the "Initial Review Order") and determined Plaintiff's Complaint failed to state a claim upon which relief may be granted against the defendants for deliberate indifference to his medical needs and dismissed his segregation conditions of confinement claims as frivolous. Filing No. 16. However, the Court gave Plaintiff leave to file an amended complaint to allege a plausible claim for relief against the defendants. Plaintiff timely filed his Amended Complaint, Filing No. 17, on July 11, 2024, and the Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

I. SUMMARY OF AMENDED COMPLAINT

Plaintiff is confined in the Tecumseh State Correctional Institution ("TSCI") and again names TSCI Warden Busboom and Dr. Brandon Hollister as defendants in the

caption of his Amended Complaint (collectively "Defendants"). Filing No. 17 at 1. Plaintiff's Amended Complaint consists of a three-page handwritten narrative in which he generally raises, in conclusory fashion, the same complaints he alleged in his original Complaint about mistreatment due to his mental illness, his nearly two-year assignment to segregation, the stress and depression his time in segregation caused him, and Defendants' failure to provide him "the right placement and treatment," specifically at "the Mental Health Unit in Lincoln." Id. at 2; compare Filing No. 1 with Filing No. 17. Plaintiff also similarly complains that the pills and shots he was treated with "didn't help" and "weaken[ed]" him. Filing No. 17 at 2. Plaintiff also states, without any factual support, that he was not provided "much property, like TV, food, and the things [he] need[s] to survive in prison." For relief, Plaintiff states he wants "the staff [to] pay under law" for giving him the pills and shots, keeping him locked down for 23 hours a day, and for allegedly not helping him when he tried to harm himself at some unspecified time. Id. at 2–3.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

In the June 17, 2024, Initial Review Order, the Court set out the standards governing Plaintiff's claims under 42 U.S.C. § 1983 and will not repeat that discussion here. See Filing No. 16 at 4–8. Upon review, and even when considered as

supplemental to the original Complaint, the Court concludes that Plaintiff's Amended Complaint does not correct the deficiencies identified in the Court's Initial Review Order, and this action should be dismissed for failure to state a plausible claim for relief.

Upon initial review, the Court determined that Plaintiff's allegations were insufficient to state an Eighth Amendment deliberate indifference claim as Plaintiff did "not allege that Defendants have failed to provide him any treatment for his obviously serious mental illness, but only that Plaintiff believes the treatment is not correct or appropriate." Filing No. 16 at 6. Nor did Plaintiff allege any facts to support a substantive due process claim regarding Defendants' use of forced medication on him. *Id*. at 6 n.2. Plaintiff also failed to allege facts suggesting "an atypical and significant hardship or an objectively, sufficiently serious deprivation of the minimal civilized measure of life's necessities" with respect to his conditions of confinement while in segregation. *Id*. at 8. Though Plaintiff was given leave to allege plausible claims for relief, the Amended Complaint merely restates the Complaint's allegations but with even less factual detail. Plaintiff's conclusory allegations without any specific factual support are insufficient to state plausible claims for relief.

In summary, Plaintiff's Amended Complaint fails to correct the deficiencies identified in the Court's Initial Review Order—Plaintiff does not allege facts from which a reasonable inference can be drawn that Defendants were deliberately indifferent to his serious medical needs and his allegations do not suggest he was subjected to unconstitutional conditions of confinement. Accordingly, the Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should

be dismissed. The Court will not give Plaintiff another opportunity to amend as the Court concludes that further amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The Court will enter judgment by separate document.

Dated this 22nd day of December, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge